DYLAN RUGA (SBN 235969)
dylan@stalwartlaw.com
JI-IN LEE HOUCK (SBN 280088)
jiin@stalwartlaw.com
STALWART LAW GROUP
1100 Glendon Ave., Suite 1840
Los Angeles, California 90024
Telephone:  (310) 954-2000

Attorneys for Plaintiff
ISIAH EUGENE SIMON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH EUGENE SIMON, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>ONIKA TANYA MARAJ, p/k/a NICKI MINAJ, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware Corporation; and DOES 1-10, inclusive.<br><br>            Defendants. | Case No.:  18-cv-3671<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

COMPLAINT

Plaintiff Isiah Eugene Simon (hereinafter "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ISIAH EUGENE SIMON ("Plaintiff") is an individual and a resident of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant ONIKA TANYA MARAJ p/k/a NICKI MINAJ, ("MINAJ"), is an individual and a resident of the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant UNIVERSAL MUSIC GROUP, INC. ("UMG"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Santa Monica, California.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, which therefore sues said defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts

1  described in this Complaint. Defendants MINAJ, UMG and DOES 1 through 10
2  are hereinafter collectively referred to as "Defendants."
3      8.   Plaintiff is informed and believes and thereon alleges that at all times
4  relevant hereto each of the Defendants was the agent, affiliate, officer, director,
5  manager, principal, alter-ego, and/or employee of the remaining Defendants and
6  was at all times acting within the scope of such agency, affiliation, alter-ego
7  relationship and/or employment; and actively participated in or subsequently
8  ratified and adopted, or both, each and all of the acts or conduct alleged, with full
9  knowledge of all the facts and circumstances, including, but not limited to, full
10 knowledge of each and every violation of Plaintiff's rights and the damages to
11 Plaintiff proximately caused thereby.

## FACTUAL BACKGROUND

13     9.   Plaintiff is an artist who created the following unique design of an
14 inverted heart comprised of a woman's chest and bikini ("Plaintiff's Heart
15 Design"), as seen in the following images:




23     10.  On or about February 14, 2015, Plaintiff applied for and received a
24 registration from the US Copyright Office for his unique design. The copyright
25 registration number is VA 1-952-325.
26 ///
27 ///
28 ///

1  11.  Defendants brazenly stole Plaintiff's Heart Design and affixed it to
2  shirts that promote MINAJ, as seen in the following image:



10  (the "Infringing Shirt").

11  12.  UMG offers the Infringing Shirt for sale on its website.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT
### (Against All Defendants)

15  13.  Plaintiff repeats, realleges, and incorporates herein by reference as
16  though fully set forth, the allegations contained in the preceding paragraphs of this
17  Complaint.

18  14.  Plaintiff is informed and believes and thereon alleges that Defendants,
19  and each of them, had access to Plaintiff's Heart Design prior to creating the
20  Infringing Shirt.

21  15.  The heart design on the Infringing Shirt is substantially similar to
22  Plaintiff's Heart Design.

23  16.  Pursuant to 17 U.S.C. 502, Plaintiff is entitled to a preliminary and
24  permanent injunction to prevent future infringement of Plaintiff's Heart Design.

25  17.  Pursuant to 17 U.S.C. 503, Plaintiff prays that this Court impound all
26  remaining Infringing Shirts within Defendants' possession, custody or control.

27  18.  Pursuant to 17 U.S.C. 504, prior to final judgment in this action,
28  Plaintiff will elect whether to recover: (a) his actual damages plus Defendants'

1 profits from sales of the Infringing Shirts; or (b) statutory damages.

2     19.    Pursuant to 17 U.S.C. 505, Plaintiff prays that this Court award Plaintiff his attorneys' fees and costs incurred in connection with this lawsuit.

## SECOND CLAIM FOR RELIEF

## FOR VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**(Against all Defendants)**

20.    Plaintiff incorporates all prior allegations as set forth fully herein.

21.    Plaintiff is informed and believes, and on that basis alleges, that Defendants knowingly induced, participated in, aided and abetted and profited from the copyright infringement alleged above.

22.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are vicariously liable for the copyright infringement alleged above because they had the right and ability to control the infringing conduct and had a direct financial interest in the infringement.

23.    Pursuant to 17 U.S.C. 502, Plaintiff is entitled to a preliminary and permanent injunction to prevent future infringement of Plaintiff's Heart Design.

24.    Pursuant to 17 U.S.C. 503, Plaintiff prays that this Court impound all remaining Infringing Shirts within Defendants' possession, custody or control.

25.    Pursuant to 17 U.S.C. 504, prior to final judgment in this action, Plaintiff will elect whether to recover: (a) his actual damages plus Defendants' profits from sales of the Infringing Shirts; or (b) statutory damages.

26.    Pursuant to 17 U.S.C. 505, Plaintiff prays that this Court award Plaintiff his attorneys' fees and costs incurred in connection with this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For a preliminary and permanent injunction to prevent future infringement of Plaintiff's Heart Design;

2. For an Order impounding all remaining Infringing Shirts within Defendants' possession, custody or control;

3. For an award of either: (a) Plaintiff's actual damages plus Defendants' profits from sales of the Infringing Shirts; or (b) statutory damages; and

4. For an award of attorneys' fees and costs incurred in connection with this lawsuit

Dated: May 1, 2018                                    STALWART LAW GROUP

                                                      By:  /s/ Dylan Ruga
                                                              DYLAN RUGA
                                                      Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff Isiah Eugene Simon demands a trial by jury.

Dated: May 1, 2018          STALWART LAW GROUP

         By: /s/ Dylan Ruga
             DYLAN RUGA
         Attorneys for Plaintiff